**Gloria Maria MONTOYA DE SOTO, Petitioner,**

**v.**

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 13-70564**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2017 *

Filed March 15, 2017

Vikram Badrinath, Esquire, Attorney, Vikram Badrinath, PC, Tucson, AZ, for Petitioner

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lynda Do, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

MEMORANDUM **

Gloria Maria Montoya de Soto, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 512 n.6 (9th Cir. 2012) (en banc). We grant the petition for review and remand.

At the time the BIA determined that *Matter of Briones*, 24 I. & N. Dec. 355 (BIA 2007), applied retroactively to render Montoya de Soto ineligible to adjust status, the BIA did not have the benefit of this court's decision in *Acosta-Olivarria v. Lynch*, 799 F.3d 1271, 1274-77 (9th Cir. 2015). Like the petitioner in *Acosta-Olivarria*, Montoya de Soto applied for adjustment of status during the 21-month window between *Acosta v. Gonzales*, 439 F.3d 550 (9th Cir. 2006) (permitting adjustment of status for an alien inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I)), and *Briones*, when it was reasonable for Montoya de Soto to rely on our decision in *Acosta. See Acosta-Olivarria*, 799 F.3d at 1274-77. As there is no significant factual basis to distinguish Montoya de Soto's situation from the one presented in *Acosta-Olivarria*, we

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

remand to the agency to reconsider her contention in light of *Acosta-Olivarria*.

In light of this disposition, we do not reach Montoya de Soto's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.